## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 22-1870 ODW (PVC)                    Date:  May 2, 2022

Title      Ja'Naye Granberry v. Denis R. McDonough, Department of Veterans Affairs

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

|               Marlene Ramirez               |                None                |
| :------------------------------------------: | :--------------------------------: |
|                 Deputy Clerk                 |       Court Reporter / Recorder    |

|   Attorneys Present for Plaintiff:   |   Attorneys Present for Defendant:   |
| :----------------------------------: | :----------------------------------: |
|                 None                 |                 None                 |

**PROCEEDINGS:   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT (Dkt. No. 1) SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

On March 18, 2022, Plaintiff, proceeding *pro se*, filed a civil rights complaint against Denis R. McDonough, Secretary, Department of Veterans Affairs, related to her employment at the VA's Greater Los Angeles Healthcare Medical Center.  ("Complaint," Dkt. No. 1).  Concurrently with the complaint, Plaintiff filed a Request to Proceed In Forma Pauperis.  ("IFP Application," Dkt. No. 3).  However, Plaintiff did not date or sign the IFP Application under penalty of perjury.  Accordingly, on April 13, 2022, the Court issued an Order to Show Cause why Plaintiff's request to proceed IPF should not be denied for failure to sign the Application. (Dkt. No. 5).  On April 26, 2022, Plaintiff filed an amended IFP Application, which the Court granted and also discharged the Order to Show Cause.  (Dkt. Nos. 6, 7, 8).

Plaintiff's Complaint appears to raise a Title VII employment discrimination claim against the Veteran's Administration.  (Compl. at 1 ("pattern of retaliatory and harassing actions … resulted in a hostile work environment"), 2 ("unjustified negative evaluation" and "Lopez treated the male staff more favorable than Plaintiff"), 3 ("Claim for Relief Sex and Race"); *see also* Dkt. No. 1-1 at 1 (identifying "employment" as the "Nature of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-1870 ODW (PVC)                     Date:  May 2, 2022

Title       Ja'Naye Granberry v. Denis R. McDonough, Department of Veterans Affairs

Suit")).  However, "before filing a claim for employment discrimination in violation of
Title VII in federal court, a plaintiff is required first to exhaust administrative remedies
by filing such a claim with either the Equal Employment Opportunity Commission
(EEOC) or the California Department of Fair Employment and Housing (DFEH) within
180 days of the alleged unlawful employment practice."  *Uche-Uwakwe v. Shinseki*, 972
F. Supp. 2d 1159, 1194 (C.D. Cal. 2013).  "Only after a plaintiff has received a right-to-
sue letter from either the EEOC or DFEH may a plaintiff file suit."  *Id.*  Further, "[f]or
this Court to have subject matter jurisdiction over an employment discrimination claim
brought under Title VII, the plaintiff must have first exhausted her administrative
remedies by timely filing a charge with the EEOC and obtaining a right-to-sue letter."
*Mitchell v. Akal Sec. Inc.*, No. CV 07-00514, 2008 WL 11345935, at *3 (D. Haw. July
14, 2008); *see* 42 U.S.C. § 2000e-5(f)(1); *Leek v. United States*, No. 215CV05682, 2016
WL 1065790, at *3 (C.D. Cal. Mar. 17, 2016) ("To establish subject matter jurisdiction
over Title VII and Rehabilitation Act claims, a plaintiff must *first* exhaust administrative
remedies.") (emphasis added).

     Plaintiff's Complaint makes no mention of her having filed a charge of
discrimination with the EEOC or DFEH or of her receiving the requisite right-to-sue
letter.  Therefore, Plaintiff has not met her initial burden establishing this Court's subject
matter jurisdiction over her claim.  *See Sommatino v. United States*, 255 F.3d 704, 707
(9th Cir. 2002) (The plaintiff carries the burden of establishing that she has exhausted her
administrative remedies *prior* to filing her lawsuit.).  Because Plaintiff has not
demonstrated that she exhausted her administrative remedies *prior* to filing her lawsuit,
her Complaint is subject to dismissal without prejudice for lack of subject matter
jurisdiction.

     Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why her Complaint
should not be dismissed without prejudice for failure to exhaust administrative remedies.
The Court **ORDERS** Plaintiff to file a response, within **14 days** of the date of this Order,
which either provides a copy of the required right-to-sue letter from the EEOC or DFEH
or explains why Plaintiff believes that a right-to-sue letter is not required.  Alternatively,
in order to exhaust her administrative remedies, Plaintiff may request a voluntary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-1870 ODW (PVC)                    Date:  May 2, 2022

Title        Ja'Naye Granberry v. Denis R. McDonough, Department of Veterans Affairs

dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**

     **Petitioner is expressly warned that failure to timely file a response to this Order <u>will</u> result in a recommendation that this action be dismissed with prejudice for her failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

     IT IS SO ORDERED.

| | 00:00 |
|---|---|
| **Initials of Preparer** | mr |